IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JEFFREY L. POMBERT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 1:15-cv-00723-TWT |
| GLOCK, INC., et al., | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

1.    **Description of Case:**

(a)    **Describe briefly the nature of this action.**

**For Plaintiff:**

This is an action by Jeffrey L. Pombert, a licensed attorney and practicing lawyer, for damages arising from a malicious prosecution and (against Defendant Core) under 42 U.S.C. § 1983 against Defendants and their agents or associates acting on their behalf.  (Compl. ¶ 1).

**For Defendants Glock, Inc., Consultinvest, Inc. and Robert Core:**

In the wake of the Court's order granting in part the defendants' motion to dismiss (Doc. 46), this is a straightforward case.  Plaintiff Jeffrey Pombert alleges that defendants Glock, Inc., Consultinvest, Inc., and Robert Core are liable for malicious prosecution under Georgia law in connection with Pombert's January 2010 indictment.  Pombert further contends that Core is liable for malicious prosecution under 42 U.S.C. § 1983.  The defendants deny these allegations and maintain that there was probable cause for the defendants, as well as the Smyrna Police Department, the Cobb County District Attorney, and a Cobb County grand jury to believe that Pombert had committed the crimes alleged in his indictment.

1437235.1

(b)    **Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

**For Plaintiff:**

Plaintiff alleges the purpose of the malicious prosecution of Plaintiff was to silence, punish, and discredit him. (Compl. ¶ 6). Plaintiff was part of a team of investigators assembled and led by James R. Harper, III ("Harper"). In his professional capacity as an attorney, between approximately March 2001 and March 2003, Plaintiff assisted Harper with an internal corporate investigation that evolved into a campaign to preserve Glock Sr.'s legal control over Glock Inc.'s cash-flows and its related corporate entities. (Compl. ¶ 5). In the course of the investigation, Harper uncovered evidence that implicated Defendants Glock, Inc. and Consultinvest, Inc. and had the potential to implicate Glock Sr., himself. (Compl. ¶ 5).

Because of his work for Harper, Plaintiff alleges that the Glock Structure turn against him and combined in a conspiracy to maliciously prosecute Plaintiff. In aid of this conspiracy, Defendants secured the complicity of certain State Actors. Defendant Core was retained by Consultinvest to aid Officer Harrison in the pursuit of the prosecution of Plaintiff. (Compl. ¶ 182). The complaint was then transferred to the Cobb County District Attorney's Office, where Harrison worked with Cobb County Assistant District Attorney Butters. (Compl. ¶¶ 25, 184). Harrison and Butters entered into said conspiracy with the alleged direction of Defendant Core. Plaintiff claims the conspiracy culminated in his malicious prosecution and criminal indictment, now terminated in his favor, which has caused him substantial damages. (Compl. ¶¶ 200–04).

Defendants deny any unlawful action, disclaim any malicious intent and dispute the allegations of participation in any unlawful conspiracy. Defendants further deny any right of action or causation of damage to the Plaintiff.

**For Defendants Glock, Inc., Consultinvest, Inc. and Robert Core:**

From March/April 2001 to March 2003, Pombert provided legal services to James R. Harper, III in connection with an investigation that Harper contends he performed for Gaston Glock, Sr., Glock, Inc. and/or Consultinvest. After Harper's engagement ended, Harper alleged that he had not been paid significant amounts of

1437235.1

2

money for his services and for his expenses.  Glock, Inc. and Consultinvest asked
Harper to substantiate his claims with evidence showing that he had performed the
work and incurred the expenses allegedly in question.  Harper threatened to bring
suit for non-payment of these alleged fees and expenses in May 2003, but Glock
Sr., Glock, Inc. and Consultinvest did not pay any additional fees or expenses to
Harper.

In the course of auditing Harper's work, Glock, Inc. and Consultinvest
discovered transactions that led them to believe that Harper had engaged in
improper conduct, including but not limited to stealing and attempting to steal
large amounts of money that he had not earned.  In 2006 and 2007, Glock, Inc. and
Consultinvest, Inc. contacted law enforcement personnel to alert them to the
possible crimes that Harper and others (but not Mr. Pombert) had committed.

The Smyrna Police Department opened an investigation into Harper's
conduct; that investigation was conducted by Detective R. Keith Harrison.  Glock,
Inc., Consultinvest and their lawyers, John Renzulli, James Deichert, and
defendant Robert Core assisted the investigation by providing information,
documents, and legal research.

The Smyrna Police Department shared the results of its investigation with
the Cobb County District Attorney's Office.  Patrick Head was the District
Attorney and John Butters was the Assistant District Attorney responsible for
prosecution this matter.  During the course of the investigation, Detective Harrison
and ADA Butters (the "State Actors") reviewed documents and interviewed
witnesses, including Harper.  Pombert, however, declined every opportunity to
speak with the police or the DA.

On January 21, 2010, a grand jury returned an indictment against Harper,
Pombert and Jerry Chapman.  Pombert and the other defendants filed a plea in bar,
arguing that the indictment was barred by the applicable statutes of limitation.  The
trial court denied their motion, but the Georgia Supreme Court reversed in part.  In
*State v. Harper*, 292 Ga. 557 (2013), the Court held that the record did not reveal
whether Harper and the other defendants had stolen money from Glock, Inc.,
Consultinvest, or from Gaston Glock Sr. a victim 65 years of age or older, which
would have extended the statute of limitations.  The Georgia Supreme Court

remanded the case to the Superior Court to make further factual findings on those and other statute of limitations-related facts.

After remand from the Supreme Court, the newly elected Cobb County DA filed *nolle prosequi* that terminated Pombert's prosecution for the following reason:

> The State was barred from introducing material evidence against the defendant on legal grounds as a result of the Georgia Supreme Court's decision in *Harper et al v. State*, S12A1508 (decided February 18, 2013) based on the statute of limitations.

The Superior Court entered the nolle prosequi on March 14, 2013.

> (c)    **The legal issues to be tried are as follows:**

**For Plaintiff:**

- conspiracy for violation of civil rights under 42 U.S.C. § 1983 (Count I) as against Defendant Core;

- malicious prosecution under state law (Count II) as against Defendants Glock, Inc., Consultinvest, Inc., and Core; and

- punitive damages under O.C.G.A. § 51-12-5.1 (Count VI).

**For Defendants Glock, Inc., Consultinvest, Inc., and Robert Core:**

- Whether there is any reason to doubt there was probable cause for the defendants, the State Actors, and the grand jury to believe that Pombert committed a crime;

- Whether Pombert committed any of the conduct alleged in the indictment;

- Whether the State Actors decided to prosecute Pombert based on their own investigation and professional judgment;

1437235.1

4

- Whether the defendants bore any malice towards Pombert;

- Whether the defendants provided truthful information to the State Actors;

- Whether and how Pombert's refusal to speak to the Smyrna Police or the Cobb County DA demonstrates probable cause for the prosecution;

- Whether the DA's decision not to continue Pombert's prosecution based on perceived statute of limitations concerns constitutes a "favorable termination" of the prosecution;

- Whether the defendants' conduct is protected by the First Amendment to the U.S. Constitution or the First Amendment of the Georgia Constitution;

- Whether the defendants' conduct in petitioning their government for redress is protected by the *Noerr-Pennington* doctrine;

- Whether Pombert's claims are barred by Georgia's Anti-SLAPP statute, O.C.G.A. § 9-11-11.1;

- Whether the defendants' conduct is protected by any privilege under Georgia law;

- Whether Pombert suffered any recoverable damages as a direct and proximate cause of the conduct of any defendant;

- Whether any other persons or entities are responsible for any of the damages that Pombert claims in this action;

- Whether the defendants' engaged in willful misconduct, malice, wantonness, or oppression, or otherwise showed entire want of care which would raise the presumption to conscience indifference to the consequences;

1437235.1

5

- Defendants in no way waive, but specifically reserves, their right to supplement or amend this response.

**Additional issues for Defendant Robert Core:**

- Whether Core was acting under color of state law as required to establish liability under 42 U.S.C. § 1983;

- Whether Core and the State Actors *knowingly* entered into a conspiracy to prosecute Pombert without probable cause;

- Whether Core was acting in his personal or individual capacity or as an agent for someone else (*e.g.*, Glock, Inc.);

- Whether Core is entitled to absolute or qualified immunity;

- Whether Core violated any clearly established statutory or constitutional right of which a reasonable person would have known;

- Whether Core engaged in willful misconduct, malice, wantoness, or oppression, or otherwise showed entire want of care which would raise the presumption to conscience indifference to the consequences;

- Core in no way waives, but specifically reserves, his right to supplement or amend this response.

(d)    **The cases listed below (include both style and action number) are:**

i.    **Pending Related Cases:**

(a) *Harper v. Glock, Inc., et al*, No. 15EV002758 (Fulton County State Court), filed September 14, 2015.

(b) *Helga Glock v. Gaston Glock Sr., et al.*, Civil Action NO. 1:14-cv-03249-TWT.

(c) *Paul F. Jannuzzo v. Glock, Inc., et al.*, Civil Action NO. 1:15-cv-024445-TWT.

The defendants acknowledge that the *Jannuzzo* and *Helga Glock* matters identified above are pending, but dispute that they are related cases.

### ii.        Previously Adjudicated Related Cases:

*State v. Harper*, 292 Ga. 557 (2013).

**2.        This case is complex because it possesses one (1) or more of the features listed below (please check):**

Plaintiff submits that this case is complex for the following reasons:

     \_\_\_\_\_(1)       Unusually large number of parties
     \_\_\_\_\_(2)       Unusually large number of claims or defenses
     <u>X</u>\_\_\_\_(3)       Factual issues are exceptionally complex
     \_\_\_\_\_(4)       Greater than normal volume of evidence
     \_\_\_\_\_(5)       Extended discovery period is needed
     \_\_\_\_\_(6)       Problems locating or preserving evidence
     <u>X</u>\_\_\_(7)       Pending parallel investigations or action by government*
     \_\_\_\_\_(8)       Multiple use of experts
     <u>X</u>\_\_\_\_(9)       Need for discovery outside United States boundaries
     \_\_\_\_\_(10)     Existence of highly technical issues and proof
     \_\_\_\_\_(11)     Unusually complex discovery of electronically stored information

*Plaintiffs reference this not to imply there is any pending government investigation but only to reference those items explicitly referenced in Section 1.d.i above.

Defendants submit that this case is not complex.

**3.        Counsel:**

**The following individually-named attorneys are hereby designated as lead counsel for the parties:**

**Plaintiff:**
Roy E. Barnes
The Barnes Law Group, LLC
31 Atlanta Street
Marietta, Georgia 30060

**For Defendants Glock, Inc. and Consultinvest, Inc.:**
John E. Floyd
Bondurant, Mixson & Elmore, LLP
3900 One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309

**For Defendant Robert T. Core**
Christopher E. Parker
Miller & Martin, PLLC
1180 West Peachtree Street, NW
Suite 2100
Atlanta, Georgia 30309

4.     **Jurisdiction:**

       **Is there any question regarding this Court's jurisdiction?**

       _____ Yes              _____x_____ No

       If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection.  When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based.  Each objection should be supported by authority.

5.     **Parties to this Action:**

       (a)    **The following persons are necessary parties who have not been joined:**

       Not applicable.  Without admitting that plaintiff suffered damages in any amount, or that any defendant is liable for any such damages, the defendants assert that any liability, including that of any other responsible persons (named or

1437235.1

8

unnamed) should be apportioned according to their relative degrees of fault, and any alleged liability of the defendants reduced accordingly. *See* O.C.G.A. § 51-12-33(c).

(b)     **The following persons are improperly joined as parties:** Not Applicable

(c)     **The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**  Not Applicable.

(d)     **The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

**6.     Amendments to the Pleadings:**

**Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15.   Further instructions regarding amendments are contained in LR 15.**

(a)     **List separately any amendments to the pleadings that the parties anticipate will be necessary:**

**For Plaintiff:**

Based upon the evidence that develops through discovery, Plaintiff will re-evaluate seasonably to determine whether it is proper and desirable to seek leave to amend and re-plead with additional specificity allegations similar to those that were pled initially in the Complaint but dismissed pursuant to this Court's order.

**For Defendants Glock, Inc., Consultinvest, Inc., and Robert Core**:

Defendants do not believe there is any basis for Plaintiff to amend to reassert causes of action already dismissed by the Court.  Defendants will address any specific objections if, and when, Plaintiff seeks leave to amend.

1437235.1

(b)    **Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.**

**7.    Filing Times for Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a)    *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b)    *Summary Judgment Motions*: within thirty (30) days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c)    *Other Limited Motions*: Refer to Local Rules 7.2A, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d)    *Motions Objecting to Expert Testimony*: *Daubert* motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8.    Initial Disclosures:**

**The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).**

The parties have agreed to serve initial disclosures by May 13, 2016.

1437235.1

9.     **Request for Scheduling Conference:**

**Does any party request a scheduling conference with the Court:  If so, please state the issues which could be addressed and the position of each party.**

**For Plaintiff:**

Yes.  The parties are in the early stages of discussing search terms and tiered timeframes in order to focus and streamline to the extent possible the recovery and production of any electronically stored information.  Given the nature of the allegations and the fact that many of the actors are attorneys, discovery issues related to privilege(s) (e.g. privilege logs, potential for future *in camera* review) and exceptions or waivers of applicable privileges may be a topic for constructive conversation with, and input from, the Court during a scheduling conference.

**For Defendant:**

The parties continue to confer on questions regarding the scope of discovery including whether and during what time periods the defendants will be required to submit privilege logs.  If the parties cannot resolve those issues on their own, they will raise this during a status conference with the Court.

10.    **Discovery Period:**

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint.  As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three (3) discovery tracks; (a) zero (0) month discovery period, (b) four (4) months discovery period, and (c) eight (8) months discovery period.  A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F.  The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

**Please state below the subjects on which discovery may be needed:**

1437235.1

**For Plaintiff:**

The Court assigned this case to a four-month period.  Although Plaintiffs have expressed a concern that this schedule may be ambitious, Counsel for Defendants believe additional time is unnecessary and Plaintiffs acquiesce in the four-month schedule in the hopes of moving this matter forward expeditiously.

Discovery will be needed on the following subjects:

(1) The legal disputes involving Ewert and Glock Sr. including corporate relationships and competing claims to ownership of certain components of Glock corporate structure and international entities and their relationships, including but not limited to, such entities as: Glock Ges.m.b.h., Glock Inc., Consultinvest, Glock America, N.V., Glock (H.K.) Limited, Taziria Holding, A.V.V., Minami Enterprises Limited, Reofin International, S.A., BTE, or Base Technical / BTE, Unipatent;

(2) Scope of Harper Team's engagement, including terms, directives, billing arrangements;

(3) The factual and legal basis for complaints alleging Pombert participated or conspired with Harper in overbilling for services not rendered to Glock or Consultinvest;

(4) The handling or preservation of evidence that would tend to prove or disprove allegations made against either Harper or Pombert;

(5) the criminal investigation into Harper, then Pombert, including extent to which this investigation was led, controlled and/or influenced by Defendants in combination with the "State Actors" identified in the Complaint;

(6) the Indictment of Pombert, procedural evolution of criminal case; and

(7) Damages to Pombert encompassing personal injury, pain, public humiliation, damage to professional livelihood, reputational injury, loss of time from work, anxiety, lost earning capacity and attorney's fees or legal costs,

1437235.1

12

including but not limited to, those incurred in defending against the allegedly malicious prosecution.

**For Defendants Glock, Inc., Consultinvest, Inc., and Robert Core:**

a.     Whether there is any reason to doubt there was probable cause for the defendants, the State Actors, and the grand jury to believe that Pombert committed a crime;

b.     Whether Pombert committed any of the conduct alleged in the Indictment;

c.     Whether the State Actors decided to prosecute Pombert based on their own investigation and professional judgment;

d.     Whether the defendants bore any malice towards Pombert;

e.     Whether the defendants provided truthful information to the State Actors;

f.     Whether and in what amount Pombert suffered any recoverable damages; and

g.     Whether any other persons or entities are responsible for any of the damages that Pombert claims in this action.

**11.   Discovery Limitation and Discovery of Electronically Stored Information:**

**(a)   What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.**

**(b)   Is any party seeking discovery of electronically stored information.**

_____X_____  Yes                    _____  No

1437235.1                              13

If "yes,"

(i)   **The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:**

After conferring on the scope of discovery, the parties have agreed to the following limitations:

- The parties agree that they need not log any privileged communications created on or after March 14, 2013, which is the date on which the *nolle prosequi* terminated the prosecution in *State v. Harper, et al.* *See* Compl. ¶ 206.

- The parties are working cooperatively to reduce the burden of producing multiple copies of the documents that the State produced to the defendants in *State v. Harper, et al*, merely because some or all of those documents are in the parties' possession.

- The parties are working cooperatively to reduce the burden of producing multiple copies of the documents that Cobb County made available for inspection in response to open records concerning *State v. Harper, et al*, merely because some or all of those documents are in the parties' possession, or are otherwise available to the parties.

- The parties are working cooperatively to reduce the burden of producing multiple copies of the public pleadings in *State v. Harper, et al*, merely because some or all of those documents are in the parties' possession.

In addition, the parties have conferred regarding the defendants' potential custodians and the search terms the defendants intend to use to search for non-privileged documents that may respond to the plaintiff's discovery requests. *See* Exhibit A.

(ii)     **The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:**

The parties are in the process of discussing this issue but have not yet reached a definitive agreement.

**12.     Other Orders:**

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?**

The parties have discussed the need for an appropriate protective order to preserve the confidentiality of certain materials and to permit the claw back of any privileged documents that may be inadvertently produced.  The parties will attempt to present a joint proposal to the Court by May 20, 2016.

**Plaintiff's Additional Response:**

The parties are discussing ways to define the scope of potential privileges that are presumably waived and presumably retained based on certain timeframes or subject matter.  Although no final decision has not been reached, to the extent the parties can define scope -criteria for a protective order in a way that seems manageable and constructive, the parties are discussing that.

**Defendants' Additional Response:**

The parties have also conferred about the burden of preparing privilege logs for privileged communications before the May 14, 2013 *nolle prosequi*. If the parties cannot resolve that issue, the defendants anticipate that they may need to file a motion for protective order.

**13.    Settlement Potential:**

(a)    Counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference by telephone on May 3 & 12, 2016, and that they participated in settlement discussions.  No other persons participated in the settlement discussions.

For Plaintiff:  /s/ John Salter

For Defendants Glock, Inc. and Consultinvest: /s/Ronan Doherty

For Defendant Core: /s/Michael Kohler

(b)    **All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

  (___) A possibility of settlement before discovery.
  (___) A possibility of settlement after discovery.
  (___) A possibility of settlement, but a conference with the judge is needed.
  ( X ) No possibility of settlement.

(c)    **Counsel (_____) do or ( X ) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.  The proposed date of the next settlement conference is _____.**

(d)    **The following specific problems have created a hindrance to settlement of this case.**

The parties have fundamentally different views about plaintiff's guilt/innocence, the truth of plaintiff's allegations and the merits of his remaining legal claims.

**14.    Trial by Magistrate Judge:**

**Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.**

(a)    **The parties (_____) do consent to having this case tried before a Magistrate Judge of this Court.  A completed Consent to Jurisdiction by a**

1437235.1

United States Magistrate Judge form has been submitted to the Clerk of Court this _____ day of _____, 20__.

(b)    The parties (_X_) do not consent to having this case tried before a Magistrate Judge of this Court.

**Exhibit A**

*Defendants' Proposed Custodians:*

<u>Glock, Inc.</u>
Carlos Guevara
Janine Floyd (to the extent of document management of "J0" bates numbered documents)
Paul Jannuzzo (2000-2003)

<u>Consultinvest</u>
Carlos Guevara
Peter Manown (2000-2003)

<u>Robert Core</u>
Robert Core

<u>Defendants' Proposed Search Terms:</u>

"A Team"
A-Team
Balsam
"BIA America"
BIALUX
Butters
Chapman
Harper                    .
Harrison
Pambert
Phelan
Pombert
Stresser
Tremont
TSI
Waldrop

1437235.1

1

Respectfully submitted, this 13th day of May, 2016.

| | |
|---|---|
| /s/John F. Salter | **Barnes Law Group, LLC** |
| **JOHN F. SALTER** | 31 Atlanta Street, S.E. |
| Ga. Bar No. 623325 | Marietta, Georgia 30060 |
| **ROY E. BARNES** | BARNESLAW 770-227-6375 |
| Ga. Bar No. 039000 | BARNESFAX  770-227-6373 |
| **W. MATTHEW WILSON** | john@barneslawgroup.com |
| Ga. Bar No. 392385 | roy@barneslawgroup.com |
| | mwilson@barneslawgroup.com |

*Attorneys for Plaintiff*

| | |
|---|---|
| /s/Ronan P. Doherty | **Bondurant Mixson & Elmore, LLP** |
| **RONAN P. DOHERTY** | 1201 West Peachtree Street, N.W. |
| Ga. Bar No.  224885 | 3900 One Atlantic Center |
| **AMANDA KAY SEALS** | Atlanta, GA 30309-3417 |
| **BERSINGER** | 404-881-4147 |
| Ga. Bar No. 502720 | doherty@bmelaw.com |
| **JOHN EARL FLOYD** | bersinger@bmelaw.com |
| Ga. Bar No. 266413 | floyd@bmelaw.com |
| **TIANA S. MYKKELTVEDT** | mykkeltvedt@bmelaw.com |
| Ga. Bar No. 533512 | |

*Counsel for Defendants Glock, Inc., Consultinvest, Inc., and John F. Renzulli*

| | |
|---|---|
| /s/ Michael P. Kohler | **MILLER & MARTIN PLLC** |
| **CHRISTOPHER E. PARKER** | 1180 W. Peachtree Street, N.W. |
| Georgia Bar No. 562152 | Suite 2100 |
| **MICHAEL P. KOHLER** | Atlanta, Georgia 30309-3407 |
| Georgia Bar No. 427727 | Tel No.: (404) 962-6100 |
| | chris.parker@millermartin.com |
| | michael.kohler@millermartin.com |

*Counsel for Defendant Robert T. Core*

1437235.1

2

## CERTIFICATE OF SERVICE

I hereby certify that today I electronically filed the foregoing **JOINT PRELIMINARY REPORT AND DISCOVERY PLAN** with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

Ronan P. Doherty, Esq.
doherty@bmelaw.com
Amanda Kay Seals Bersinger, Esq.
bersinger@bmelaw.com
John Earl Floyd, Esq.
floyd@bmelaw.com
Tiana Scogin Mykkeltvedt, Esq.
mykkeltvedt@bmelaw.com
*Counsel for Defendants Glock, Inc., Consultinvest, Inc., and John F. Renzulli*

Christopher E. Parker, Esq.
cparker@millermartin.com
Michael P. Kohler, Esq.
mkohler@millermartin.com
*Counsel for Defendant Robert T. Core*

This 13th day of May, 2016.

**BARNES LAW GROUP, LLC**

*/s/John F. Salter*
**JOHN F. SALTER**
Ga. Bar No. 623325
*Attorney for Plaintiff*

1437235.1